IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00062–EWN–PAC

In re:

THE WILL HOOVER COMPANY                     Case No. 02-26321 ABC

    Debtor.

---

DANIEL A. HEPNER, Chapter 7 Trustee,         Adversary Proceeding No. 04-1895 ABC

    Plaintiff,

v.

JULIE KINSER BURKE
d/b/a KINSER EVENT COMPANY,

    Defendant.

---

**ORDER DENYING MOTION TO WITHDRAW REFERENCE**

---

    This matter is before the court on the Motion for Withdrawal of the Reference filed in the United States Bankruptcy Court on November 24, 2004. The primary ground for the motion is that Defendant has demanded a trial by jury and that a jury trial must be conducted in the district court, not the bankruptcy court. A secondary argument — that "[s]ome of Plaintiff's claims arise under state law" — adds nothing to analysis under 28 U.S.C. § 157(d) (2006) and will not be taken seriously.

    The motion is, at best, premature. It is apparent that discovery has not been completed, nor have any pretrial conferences been held. I do not set any civil action for trial until entry of a

final pretrial order.  *See* Fed. R. Civ. P. 16(d), (e), Fed. R. Bankr. P. 7016.  If the case proceeds to the point where a final pretrial order has been entered by the bankruptcy judge, and if the matter is still postured as a jury trial, the motion may be renewed.  Accordingly, it is

**ORDERED** as follows:

1..  The referenced motion is **DENIED**, without prejudice to renewal under the circumstances recited herein.

2..  The case shall remain in the United States Bankruptcy Court for all further proceedings except for the actual trial of the case.  This includes all discovery and other pretrial matters, pretrial conferences and resulting orders, the setting of dates and deadlines for completion of discovery and the like, and the entry of any judgment, order, or decree which does not require a jury trial on the merits, provided, however, that the orders and judgments of the bankruptcy court shall remain reviewable by this court under 28 U.S.C. § 158(a).

3..  The clerk of this court shall close this court's file on the case.

Dated this 12th day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge